BRANDON M. TESSER (SBN 168476)
    (brandon@tessergrossman.com)
ROBERT PAREDES (SBN 255329)
    (robert@tessergrossman.com)
TESSER | GROSSMAN LLP
11990 San Vicente Boulevard, Suite 300 Los
Angeles, California 90049
Telephone: (310) 207-4558
Fax: (424) 256-2689

COOPER KNOWLTON
    (cooper@bfklawoffice.com)
BERGSTEIN FLYNN & KNOWLTON PLLC
142 W. 57th Street, Suite 4a
New York, NY 10019
Telephone: (212) 803-9026

[*Pro Hac Vice* Application pending]

JOSEPH DIEUVIL
    joseph@hoskinsdieuvil.com
HOSKINS DIEUVIL P.C.
228 Park Ave. S., Suite #97837
New York, NY, 10003
Telephone: (646) 801-7084
Fax: (646) 517-8412

[*Pro Hac Vice* Application pending]

Attorneys for Plaintiff
SETH GORDON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH GORDON, an individual | ) Case No.: 2:21-cv-4986 |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT FOR** |
| CREATE MUSIC GROUP, INC., a Delaware Corporation; and TENTHOUSAND PROJECTS, LLC, a California limited liability company; and DOES 1 through 20, inclusive Defendants. | ) **1. DIRECT COPYRIGHT INFRINGEMENT;**<br>) **2. VICARIOUS COPYRIGHT INFRINGEMENT;**<br>)<br>) **JURY DEMAND** |

Plaintiff SETH GORDON ("Plaintiff"), alleges as follows:

**NATURE OF ACTION**

1.      This is a civil action seeking damages and injunctive relief under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, arising out of Defendants' extensive unauthorized for-profit use and exploitation of Plaintiff's original musical composition, registered as the "Yung Gordon Intro" (or the "Drop"), that was created by and is wholly owned by the Plaintiff.   Daniel Hernandez (p/k/a "Tekashi 6ix9ine") incorporated the Drop, in its entirety, in his blockbuster song *Stoopid* (the "Song").  *Stoopid* is included on Tekashi 6ix9ine's debut studio album *Dummy Boy* (the "Album").  The Song and Album were recorded, manufactured, released, promoted and/or distributed by Defendants who also have an ownership interest in the copyright to the Song. *Stoopid* peaked at number 25 on the US Billboard Hot 100 and was certified platinum by the RIAA.  Plaintiff is separately pursuing his claims against Tekashi 6ix9ine and various related parties in the Eastern District of New York. In this lawsuit, Plaintiff is suing the music publisher and record label that released *Stoopid*, after those entities claimed the court in the Eastern District lacked jurisdiction over them.

**I**

**JURISDICTION**

2.      This court has subject matter jurisdiction over this action because it arises under the laws of the United States, 28 U.S.C. § 1331, more particularly, because it arises under an Act of Congress relating to copyrights, 28 U.S.C. § 1338, namely, the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*

///

///

## II

## VENUE

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1400(a), in that all of the defendants, or their agents, reside or may be found in the district.

4.     Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b) in that either: (1) one or more defendants reside in this district, and all defendants reside in this state; (2) a substantial part of the events or omissions giving rise to the claim occurred in this district; or (3) at least one defendant resides in this district, if there is no district in which the action may otherwise be brought.

## III

## PARTIES

5.     Plaintiff, SETH GORDON (p/k/a "Yung Gordon") is a citizen and resident of Florida. Yung Gordon has been heralded as "leading a new generation of new Miami party rap," in the *Miami New Times*, and has thousands of monthly listeners on Spotify, a major streaming platform for music.

6.     Defendant CREATE MUSIC GROUP, INC. ("Create Music") is a Delaware Corporation with its principal place of business in Los Angeles, California.  Create Music is a music distribution and publishing company. The company was founded in 2015 by Jonathan Strauss and Alexandre Williams and specializes in forensic digital royalty collection – especially on YouTube.com.  On information and belief, Create Music has an ownership interest in the publishing rights to *Stoopid* and was also involved in the release, manufacturing, promotion and/or distribution the Song and the Album, and that

such involvement included making the song available on various streaming services.

7.     Defendant TENTHOUSAND PROJECTS, LLC ("10K Projects") is a California limited liability company with its principal place of business in Los Angeles, California.  10K Projects is an independent record label. 10k Projects has an ongoing contractual business relationship with Tekashi 6ix9ine who it first signed in 2017. On information and belief, 10K Projects was involved in the recording, release, manufacturing, promotion and/or distribution of *Stoopid* and *Dummy Boy* as Tekashi 6ix9ine's record label, and that such involvement included making the song available on various streaming services.

8.     All of the aforementioned Defendants, and Doe defendants, when referred to collectively herein, shall be referred to as "Defendants."

9.     All Defendants are joined pursuant to Fed. R. Civ. P. 20(a)(2).

10.    Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1-20, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities when ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named Defendants is responsible in some manner or capacity for the wrongful conduct alleged herein, and that Plaintiff's loss as alleged herein was proximately and/or directly caused by such Defendants' acts.

## IV

## FACTUAL ALLEGATIONS

### The Creation of the "Yung Gordon Intro"

11.    On or about September 5th, 2016, Plaintiff was contacted by Take Money Promotions ("Take Money") via Instagram direct message. Take Money

said that it was looking for "radio drops" to be used in its programming.  A "radio drop" is a short music clip that is played on the radio. Often artists record drops for radio shows to promote their affiliation with a radio station or promoter.

12.     Plaintiff, who had previously provided drops to Take Money, replied "got you fam what's your email." Soon thereafter Take Money replied: "takemoneypromo954@gmail.com. . . we helping each other. I got your drops on a lot of tracks. They know the boy yung Gordon."

13.     On or about November 15, 2016 Plaintiff wrote and performed a drop, with the following lyrics: "Y'all already know, it be the boy Yung Gordon / You rockin' with Take Money Promotions / Ay Take Money Promotions / Give 'em that new sh-t, no fool sh-t/  Oh Yeah, let's go." (hereinafter referred to as the "Drop"). The Drop is approximately nine seconds in length.

14.     The Drop is characterized by an original use of language, voice, lyrics, and intonation, especially Plaintiff's characteristic "let's go" signoff.

15.     On or about November 15, 2016 Plaintiff emailed the Drop to Take Money at the takemoneypromo954@gmail.com address, with the subject line "yung gordon drop" attaching the audio file "tmp drop.mp3."

## DEFENDANTS' INFRINGING ACTIVITY

16.     On information and belief, Take Money has/had a relationship with Defendant Tekashi 6ix9ine, and at some point, after Plaintiff shared the Drop with Take Money, Take Money shared the Drop with Defendants.

17.     On or about October 5, 2018, Defendants released the song S*toopid*.  *Stoopid* appeared as a single on all major streaming platforms and was sold as a part of the album *Dummy Boy*.

18.     *Stoopid* opens with the Drop, written and performed by the Plaintiff. (While the Drop has been removed from the *Stoopid* track that is currently available on some platforms, upon information and belief, it remains on other versions of *Stoopid* that are currently streaming or available for sale. Moreover, on at least one recent occasion, Tekashi 6ix9ine has included the Drop in live performances of *Stoopid*.)

19.     The music video for *Stoopid* was also released on October 5, 2018, the same day as the song, and features Tekashi 6ix9ine driving through a desert landscape in a rainbow-colored Ferrari and riding rollercoasters at a Dubai amusement park. The music video for *Stoopid* also opens with Tekashi 6ix9ine lip-synching the Drop, written and performed by the Plaintiff.  Defendants recorded, created, released, promoted, distributed and/or otherwise benefit financially from the music video for *Stoopid*.

20.     On Tekashi 6ix9ine's official YouTube page, the lyrics of *Stoopid* are displayed. The first five lines of these lyrics are the lyrics of the Drop written by the Plaintiff: "Y'all already know, big boy [sic] Yung Gordon / You rockin' with Take Money Promotions / Ay Take Money Promotions / Give 'em that new sh-t, no fool sh-t/  Oh Yeah, let's go."

21.     Plaintiff was never contacted by any of the Defendants prior to the release of the song *Stoopid* and all of the uses of the Drop are and continue to be unauthorized and used without Plaintiff's permission or consent.

22.     Accordingly, by exploiting Plaintiff's copyrighted material, Defendants have infringed Plaintiff's exclusive rights in and to the musical composition of the Drop registered as "Yung Gordon Intro." with the U.S. Copyright Office (COPYRIGHT NUMBER: SR0000838014).

///

**THE COMMERCIAL SUCCESS OF "STOOPID"**

23.     Almost immediately after *Stoopid* was released, the Song achieved a remarkable level of popularity. The Song was certified platinum by the RIAA, representing the equivalent of one million certified sales and peaked at number 25 on the U.S. Billboard Hot 100.

24.     As of November 2019, *Stoopid* ranked #48 on the Billboard Chart, #14 Rap Streaming Songs, #15 R&B/Hip-Hop Streaming Song, #23 Hot R&B/Hip Hop Songs, #21 Hot Rap Songs.

25.     *Stoopid* also occupied top 100 positions on over eight other international charts, including in Germany, Australia, Sweden, Switzerland, the UK, and Austria.

26.     As of February 4, 2020 the YouTube video for *Stoopid* had been viewed over 183,967,408 times.

27.     There is no dispute that Defendants have profited substantially from their infringing activities, and have collected, and continue to collect, fees and royalties from the sale of the infringing work or any derivatives thereof, and have retained a portion of those fees and royalties without submitting any amount to Plaintiff.

**DEFENDANTS WILLFUL AND INTENTIONAL INFRINGEMENT**

28.     Shortly after Defendants released *Stoopid* and the album *Dummy Boy*, Plaintiff became aware of the unauthorized use of the Drop and attempted to contact Defendants.

29.     Through counsel, Plaintiff reached out to both Create Music and 10k Projects. Despite the fact that 10k Projects and Create Music have both publicly claimed to represent Tekashi 6ix9ine, neither company has taken any responsibility for the unauthorized use of Plaintiff's copyrighted work. (Only

when Plaintiff's counsel reported the copyright violation to YouTube, resulting in the music video being temporarily removed from the platform, did a representative from Create Music reach out to Plaintiff to ask for the copyright strike to be removed from their account.)

30.    Despite the notice to all parties, the Defendants continue to distribute and profit from the unauthorized use of Plaintiff's copyrighted work. The infringement by the Defendants is willful, as evidenced by their continuing infringement and by the fact that none of the Defendants have either sought or obtained a license from the owners of the rights. All conditions precedent to the maintenance and/or establishment of the instant action have been satisfied and/or, otherwise, waived by the Defendants.

31.    Accordingly, the foregoing acts of infringement have been willful and intentional, in utter disregard of and with indifference to the rights of Plaintiff.

## FIRST CAUSE OF ACTION
## <u>DIRECT COPYRIGHT INFRINGMENT</u>

32.    Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

33.    Plaintiff is, and at all relevant times has been, the copyright owner under United States copyright law with respect to the musical composition and sound recording of the Drop, registered with the U.S. Copyright Office as the "Yung Gordon Intro" (COPYRIGHT NUMBER: SR0000838014).

34.    Among the exclusive rights granted to Plaintiff under the Copyright Act of 1976 are the exclusive rights to perform, reproduce, and distribute the copyrighted materials to the public and to prepare derivative works.

35.     Defendants, without the permission or consent of Plaintiff, have reproduced and distributed Plaintiff's musical composition and sound recording to the public. Defendants have no license or any other form of permission to use, copy, reproduce, distribute or create derivative works of the "Yung Gordon Intro." By copying, distributing, synchronizing, creating derivative works, licensing and exploiting the "Yung Gordon Intro," Defendants have infringed Plaintiff's exclusive rights in the musical composition and sound recording of the "Yung Gordon Intro."

36.     Defendants' actions constitute infringement of Plaintiff's copyrights (including the master copyright and the publishing copyright) and exclusive rights under copyright.

37.     Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, in utter disregard of and with indifference to the rights of Plaintiff.

38.     Defendants have profited substantially from their infringing activities, have collected, and continue to collect, fees and royalties from the sale of the infringing work or any derivatives thereof, and have retained a portion of those fees and royalties without submitting any amount to Plaintiff.

39.     Even after Defendants were specifically notified in writing of their infringement of Plaintiff's copyright, they failed to take any action (other than removing the Drop from some versions of *Stoopid* on certain streaming services), and failed to seek consent or permission from Plaintiff for their continued use of the Drop in the Song.  Indeed, even after Defendants were sued in United States District Court, they still failed to seek consent or permission from Plaintiff for their continued use of the Drop in the Song.

40.     As a result of Defendants' willful infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiff is entitled to recover its actual damages and profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), and such other relief as is provided by law. Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

41.     The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law.

42.     Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights, and ordering Defendants to destroy all copies of the infringing work and/or other material made in violation of Plaintiff's exclusive rights.

**SECOND CLAIM FOR RELIEF FOR**

**VICARIOUS COPYRIGHT INFRINGEMENT**

**(Against All Defendants)**

43.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 42, hereinabove, inclusive, as though set forth at length herein.

44.     As set forth in detail above, Plaintiff is the copyright owner of the Drop and has the exclusive right to grant licenses for its use and copying in the territory of the United States.

45.     Defendants recorded, manufactured, promoted and/or distributed Stoopid, and have an ownership interest in the copyright.  On information and belief, Defendants receive a royalty each time *Stoopid* is streamed over the internet, or purchased.

46.     As the manufacturers and distributors of *Stoopid*, Defendants have control over the use of the Song, and the ability to control and stop the unauthorized exploitation and performances of the Song.

47.     Thus, Defendants profit from the direct infringement of Plaintiff's rights and thereby have engaged in vicarious copyright infringement.  Despite Defendants' knowledge that they lacked authorization to copy or otherwise reproduce the Drop and incorporate it into the Song, Defendants knowingly, willfully and intentionally continued to profit from such use and knowingly failed to stop it, notwithstanding their right and ability to supervise the infringement in violation of Plaintiff's rights under Sections 105(4) and 106(5) of the Copyright Act.

48.     Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiff's rights in the Drop, and the vicarious infringement thereof.

49.     The specific acts of vicarious copyright infringement alleged in this Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiff significant damage.  By continuing to permit the unauthorized reproduction, broadcast and performances of *Stoopid*, Defendants are engaging in copyright infringement on a continuous and ongoing basis. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiff will suffer irreparable injury for which it has no adequate remedy at law.

50.     Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to its damages, including Defendants' profits from infringement, in connection with the Drop as will be proven at trial.

*///*

1

## PRAYER FOR RELIEF

2

WHEREFORE, Plaintiff prays for judgment as follows:

3

WHEREFORE, with respect to each act of copyright infringement by

4

Defendants, Plaintiff demands judgment a) preliminarily and permanently

5

enjoining and restraining Defendants and their agents, officers, servants,

6

employees, successors and assigns and all others acting in concert or in privity

7

with Defendants, from directly or indirectly infringing Plaintiff's rights under

8

federal or state law in the Drop, including without limitation, reproducing or

9

distributing the infringing work; b) requiring Defendants to pay Plaintiff's

10

actual damages and profits attributable to the infringement pursuant to 17

11

U.S.C. Section 504(b) and such further damages as permitted by applicable law;

12

c) requiring Defendants to pay Plaintiff's reasonable attorneys' fees incurred

13

herein; d) requiring Defendants to pay Plaintiff's full costs in this action; e) For

14

prejudgment interest at the legal rate; and f) awarding such other relief as this

15

Court deems just and proper.

16

17

DATED: June 18, 2021                TESSER | GROSSMAN LLP

18

19

　/s/ Brandon M. Tesser

20

BRANDON M. TESSER

Attorneys for Plaintiff

21

SETH GORDON

22

E-mail: brandon@tessergrossman.com

23

24

25

26

27

28

---

**COMPLAINT**
- 12 -

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims for relief which may be tried to a jury.

DATED: June 18, 2021                    TESSER | GROSSMAN LLP


                                         /s/ Brandon M. Tesser
                                        BRANDON M. TESSER
                                        Attorneys for Plaintiff
                                        SETH GORDON
                                        E-mail: brandon@tessergrossman.com