FAYER GIPSON LLP
ELLIOT B. GIPSON (State Bar. No. 234020)
EGipson@fayergipson.com
MICHELLE K. MILLARD (State Bar No. 298245)
MMillard@fayergipson.com
2029 Century Park East, Suite 400
Los Angeles, California 90067
Telephone: 310.557.3558
Facsimile: 310.557.3589

Attorneys for Defendant Create Music
Group, Inc.

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH GORDON, an individual, | CASE NO. 2:21-CV-4986-FLA-JEM |
| Plaintiff, | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| vs. | Magistrate: Hon. John E. McDermott |
| CREATE MUSIC GROUP, INC., a Delaware corporation; TENTHOUSAND PROJECTS, LLC, a California limited liability company; and DOES 1 through 20, inclusive | Courtroom: 640, 6th Floor<br><br>Action Filed: June 18, 2021<br>Motion Cut-off: September 23, 2022<br>Discovery Cut-off: July 22, 2022<br>Pretrial Conference: Nov. 18, 2022<br>Trial Date: December 6, 2022 |
| Defendants. | |

FAYER GIPSON LLP

**STIPULATED PROTECTIVE ORDER**

Good cause having been shown, the Court hereby GRANTS the parties' Stipulated Protective Order and ORDERS as follows:

## 1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

This Stipulated Protective Order is based upon the model stipulated protective order for the Central District found the Central District website at the following URL: https://www.cacd.uscourts.gov/sites/default/files/documents/SP/AD/SAMPLE%20STIPULATED%20PROTECTIVE%20ORDER.pdf
The Good Cause statement has been modified to fit this particular case.

## B. GOOD CAUSE STATEMENT:

### i. SAFETY AND PRIVACY OF NON-PARTY DANIEL HERNANDEZ AND ASSOCIATES

**STIPULATED PROTECTIVE ORDER**

FAYER GIPSON LLP

1      All people have an inalienable right to pursue and obtain safety and privacy in

2   California. <u>Cal. Const., art. I, § 1</u> ("All people are by nature free and independent and

3   have inalienable rights. Among these are enjoying and defending life and liberty,

4   acquiring, possessing, and protecting property, *and pursuing and obtaining safety*,

5   happiness, *and privacy*.") (emphasis added).  There is a privacy and personal safety

6   issue that looms over any disclosures in this case given the identity of non-party who

7   is a material witness to the Action.   Daniel Hernandez (a/k/a Tekashi69), who is not a

8   party to this case, but is a defendant in a related case in the Eastern District of New

9   York concerning alleged copyright infringement of the same works, is the artist whose

10  song STOOPID Plaintiff alleges infringes on Plaintiff's work he refers to as "The

11  Drop."  In addition to the "run of the mill" safety and privacy interests any celebrity

12  might have, Mr. Hernandez has additional serious safety and privacy concerns.  Mr.

13  Hernandez has been previously incarcerated in New York state prison and was

14  reported to have his sentence reduced due to his alleged cooperation with authorities

15  against a notorious New York street gang.   As such, any information regarding his

16  earnings, whereabouts, or identifiable and/or contact information for him, his friends,

17  his family, his lawyers, and his associates potentially makes them targets for that

18  street gang.  Public disclosure of this information could allow the street gang or its

19  affiliates to threaten or harm Mr. Hernandez and his associates.  As such, there is good

20  cause for a protective order as requested herein.

21      **ii.   DEFENDANTS' RIGHT TO PRIVACY AND FAIR**

22           **COMPETITION: KEEPING NON-PUBLIC BUSINESS**

23           **INFORMATION CONFIDENTIAL**

24      Likewise, the Defendants have the right to protect their property and privacy

25  under the California Constitution.  California. <u>Cal. Const., art. I, § 1</u> ("All people are

26  by nature free and independent and have inalienable rights. Among these are …

27  acquiring, possessing, and protecting property, and pursuing and obtaining …

28  privacy.") (emphasis added).  Here, Defendants are non-public companies who are not

**STIPULATED PROTECTIVE ORDER**

FAYER GIPSON LLP

required to report their financial information publicly to shareholders or the SEC. Part of the benefit of being a non-public company is being able to shield business information such as costs and revenues from one's competitors.   Defendants have been careful not to publicly publish the revenues they earn from individual artists or songs.   Requiring the public disclosure of business and financial information related to the artist and song at issue in this case would violate the Defendants right to property and privacy.  This action is likely to involve commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. Competitors to the defendants would benefit from access to information regarding the defendants' contracts, revenue reports, payments and business methods – harming defendants who benefit from their competitors not knowing such

**STIPULATED PROTECTIVE ORDER**

FAYER GIPSON LLP

information about their businesses.   For example, if competitors to defendants were to gain access to the contracts, revenue reports, payments and business methods of defendants, the competitors may alter their own contracts and pricing structures to undercut defendants in order to make their businesses more attractive to defendants' artists.

### iii.	Document Summary Chart

In particular, the parties anticipate the need to designate the following documents and information as CONFIDENTIAL, and provide this list and good cause reasons pursuant to *Edwards v. County of Los Angeles* (C.D. Cal., Dec. 9, 2009, No. CV 08-07428 GAF (SSX) 2009 WL 4707996, at *2[1]:

| Document Type | Confidential Information | Harm From Public Disclosure |
|---|---|---|
| Revenue reports | Earnings from songs | 1.  Harms Mr. Hernandez's and associates' safety and privacy interests to the extent it makes them targets of criminal gang activity<br>2.  Harms Defendants' privacy and property interests to the extent it allows competitors access to otherwise non-public earnings |
| Contracts | Revenue splits, payment | 1.  Harms Mr. Hernandez's |

---

[1] There may be other documents and information not described here that should be designated as CONFIDENTIAL for the same reasons as stated herein.  The Parties reserve their rights to designate such documents and information as CONFIDENTIAL pursuant to this Stipulated Protective Order with the understanding that the Non-Designating Party may challenge any such designation pursuant to the procedures of this Stipulated Protective Order.

**STIPULATED PROTECTIVE ORDER**

FAYER GIPSON LLP

| | | |
|---|---|---|
| | directions, bank account information, personal contact information | and associates' safety and privacy interests to the extent it makes them targets of criminal gang activity<br><br>2. Harms Defendants' privacy and property interests to the extent it allows competitors access to otherwise non-public earnings |
| Correspondence | Identity of correspondents, contact information of correspondents, information regarding revenues | 1. Harms Mr. Hernandez's and associates' safety and privacy interests to the extent it makes them targets of criminal gang activity<br><br>2. Harms Defendants' privacy and property interests to the extent it allows competitors access to otherwise non-public earnings |
| Miscellaneous financial documents and information | Miscellaneous financial information such as payment information, account information | 1. Harms Mr. Hernandez's and associates' safety and privacy interests to the extent it makes them targets of criminal gang |

**STIPULATED PROTECTIVE ORDER**

| | | activity |
| | | 2. Harms Defendants' privacy and property interests to the extent it allows competitors access to otherwise non-public earnings |

*Id.* at *2 ("The documents to be protected shall be specifically described and identified. The paragraph containing the statement of good cause should be preceded by the phrase: "GOOD CAUSE STATEMENT." The parties shall articulate, for each document or category of documents they seek to protect, the specific prejudice or harm that will result if no protective order is entered.").

## 2. DEFINITIONS

2.1    Action: This pending federal lawsuit.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

FAYER GIPSON LLP

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

**STIPULATED PROTECTIVE ORDER**

FAYER GIPSON LLP

2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.   DURATION.**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications

**STIPULATED PROTECTIVE ORDER**

for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

     5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

     Designation in conformity with this Order requires:

     (a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for

**STIPULATED PROTECTIVE ORDER**

protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

# 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

**STIPULATED PROTECTIVE ORDER**

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

**STIPULATED PROTECTIVE ORDER**

FAYER GIPSON LLP

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     Plaintiff's manager Jamal Engram;

(e)     Plaintiff's co-counsel Cooper Knowlton and Joseph Dieuvil, as well as employees of such co-counsel to whom it is reasonably necessary to disclose the information for this Action;

(f)     the court and its personnel;

(g)     court reporters and their staff;

(h)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j)     during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(k)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**STIPULATED PROTECTIVE ORDER**

FAYER GIPSON LLP

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**STIPULATED PROTECTIVE ORDER**

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

FAYER GIPSON LLP

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12.   MISCELLANEOUS

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material

FAYER GIPSON LLP

under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

//

//

//

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: January 3, 2022

COUNSEL FOR PLAINTIFF:

TESSER | GROSSMAN LLP
BRANDON M. TESSER
ROBERT PAREDES

By__/s/ Brandon Tesser_____
BRANDON M. TESSER
Attorneys for Plaintiff Seth Gordon

Dated: January 3, 2022

COUNSEL FOR DEFENDANTS:

FAYER GIPSON LLP
ELLIOT B. GIPSON
MICHELLE K. MILLARD

By___/s/ Michelle K. Millard_____
MICHELLE K. MILLARD
Attorneys for Defendant Create Music Group,
Inc.[2]

FOX ROTHSCHILD LLP
TIMOTHY MATSON
NONA YEGAZARIAN

By ___/s/ Nona Negazarian__
NONA YEGAZARIAN
Attorneys for Defendant Ten Thousand
Projects, LLC

---

[2] Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**STIPULATED PROTECTIVE ORDER**

FAYER GIPSON LLP

1

2

3  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:

4

5  DATED: _____ January 4, 2022

6

7                                    _____
                                        /S/
8                                    John E. McDermott
                                     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FAYER GIPSON LLP

---
18
**STIPULATED PROTECTIVE ORDER**

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

[date] in the case of _____ **[insert formal name of the case and the number**

**and initials assigned to it by the court]**. I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity except

in strict compliance with the provisions of this Order. I further agree to submit to the

jurisdiction of the United States District Court for the Central District of California for

the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action. I hereby appoint

_____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**STIPULATED PROTECTIVE ORDER**

FAYER GIPSON LLP